## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 07 2016, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kenneth A. Stocker
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES

James P. Fenton
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth A. Stocker, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Russel D. Sundholm, Ann M. Clark, David A. Vaughn, Travis M. Sims, and John C. Houston, <br> *Appellees-Respondents.* | November 7, 2016 <br><br> Court of Appeals Case No. 02A03-1603-PL-615 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable David J. Avery, Judge <br><br> Trial Court Cause No. 02D09-1508-PL-414 |

**Altice, Judge.**

### Case Summary

[1] Kenneth Stocker, pro se, appeals from the trial court's grant of summary judgment in favor of Russel D. Sundholm, Ann M. Clark, David A. Vaughn,

Travis M. Sims, and John C. Houston (collectively, the Defendants) on his complaint for breach of contract, breach of fiduciary duty, and fraud in the inducement. Stocker presents four issues for our review which we consolidate and restate as: did the trial court err in granting summary judgment in favor of the Defendants?

We affirm.

## Facts & Procedural History

On February 22, 2005, Stocker and the Defendants, among others, executed an Operating Agreement that established an Indiana limited liability company known as Attero Tech LLC (Attero), whose principal business was to provide electronic and software engineering services. Stocker, the Defendants, and others, as members of Attero, provided an initial capital contribution and signed the Operating Agreement. On or about January 1, 2011, the Defendants were elected to the Operating Committee to serve as the managing officers of Attero.

In addition to being a member of Attero, Stocker also provided services to Attero as an employee. On June 23, 2011, Stocker was presented with a notice of employment termination that was effective immediately. The stated reason for termination was that the business model for Attero had changed and that his services were no longer required. Even after his employment was terminated, Stocker remained a member of Attero.

[5]     On or about September 1, 2011, a notice was issued to Stocker and the other members of Attero calling for a meeting on September 15, 2011. The purpose of the meeting was "to discuss the purchase (AKA buyout) of the member shares owned by [Stocker]." *Appellant's Appendix* at 121. During the meeting, which Stocker did not attend, the members of Attero discussed various options and voted to offer Stocker a voluntary buyout of his member shares in Attero. The members present at the meeting did not vote on whether to involuntarily remove Stocker as a member of Attero.

[6]     On October 7, 2011, Stocker received a document titled Withdrawal and Redemption Agreement (the Release) from the Defendants. The Release provided that Stocker would redeem his rights, title, and interest in and to his member shares in Attero and Attero would pay Stocker $49,992.15,[1] plus interest, in forty quarterly payments. Section 8 of the Release included a mutual release provision, which provides as follows:

> a. Departing Member [Stocker] hereby releases and forever discharges [Attero,] respective directors, officers, employees, agents, shareholders, subsidiaries, affiliates, successors and assigns from any and all claims, demands, proceedings, causes of action, orders, obligations, contracts, agreements, debts and liabilities whatsoever, whether known or unknown, suspected or unsuspected, both at law and in equity, which [Stocker] now has or has ever had against [Attero] arising prior to the Effective Date; provided, however, that nothing contained herein shall

---

[1] The purchase price valuation date was set as September 30, 2011.

operate to release obligations of [Attero] arising under this
Agreement.

b. [Attero] hereby releases and forever discharges Departing
Member [Stocker] from any and all claims, demands,
proceedings, causes of action, orders, obligations, contracts,
agreements, debts and liabilities whatsoever, whether known or
unknown, suspected or unsuspected, both at law and in equity,
which [Attero] now has or has ever had against [Stocker] arising
prior to the Effective Date; provided, however, that nothing
contained herein shall operate to release [Stocker] from their
respective obligations under this Agreement or the noncompete
provisions . . ., the confidentiality provisions . . ., and the
injunction provisions of each of the Employment Agreements
which shall survive pursuant to the terms thereof.

*Id*. at 126. Stocker signed the Release on or about October 28, 2011. Attero has

made quarterly payments to Stocker pursuant to the terms of the Release, and

Stocker has accepted such payments without objection.

[7] On August 28, 2015, Stocker, pro se, filed his complaint for damages, alleging

breach of contract, breach of fiduciary duty, and fraud in the inducement.

Contemporaneous with their answer, the Defendants filed a motion for

judgment on the pleadings or in the alternative, for summary judgment along

with designated evidence. After Stocker filed a response to the Defendants'

motion, the Defendants filed a reply and supplemental designation of evidence.

The trial court held a hearing on the Defendants' motion on December 15,

2015. On January 20, 2016, the trial court issued an order granting summary

judgment in favor of the Defendants. Stocker filed a motion to correct error on

February 18, 2016, which the trial court denied three days later. Stocker now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[8] Stocker argues that the trial court erred in granting summary judgment in favor of the Defendants on each of his claims. An appellate court reviewing summary judgment analyzes the issues in the same way as would a trial court. *Pfenning v. Lineman*, 947 N.E.2d 392, 396 (Ind. 2011). A party seeking summary judgment must establish that "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). The party moving for summary judgment bears the initial burden of establishing its entitlement to summary judgment. *Pfenning*, 947 N.E.2d at 396-97. "Only then does the burden fall upon the non-moving party to set forth specific facts demonstrating a genuine issue for trial." *Id*. at 397. The reviewing court must construe the evidence in favor of the non-movant, and resolve all doubts against the moving party. *Id*.

[9] The trial court granted summary judgment in favor of the Defendants, concluding that Stocker's execution of the Release barred his breach of contract and breach of fiduciary duty claims. The trial court also concluded that the misrepresentations Stocker alleges the Defendants included in the language of the Release, were such that Stocker was aware or should have been aware of prior to signing the Release. We agree with the trial court.

[10] Stocker's breach of contract claim alleges that the Defendants forced an involuntary removal of Stocker's status as a member of Attero and that they failed to comply with the provisions of the Operating Agreement by failing to provide him with notice of specific instances or tasks he failed to perform. We agree with the trial court's finding that "[i]f Stocker was of the opinion that there was a breach of the Operating Agreement, Stocker would have had knowledge of the breach prior to signing the Release and Stocker should have pursued his claim prior to signing the Release." *Appellant's Appendix* at 12. Thus, by signing the Release, Stocker chose to forgo any breach of contract claims against the Defendants, including the one asserted herein.[2]

[11] The same result follows with regard to Stocker's breach of fiduciary duty claim. In support of this claim, Stocker alleged that Attero terminated his employment in order to prevent him from substantially performing his promised services and thereby made him susceptible to being removed as a member of the LLC. Again, if Stocker was of the opinion that the Defendants breached a fiduciary duty owed him, he had knowledge of the facts underlying such claim prior to executing the Release. Rather than pursue a claim for breach of fiduciary duty, Stocker signed the Release. With regard to execution of the Release, the circumstances of Stocker's termination are wholly irrelevant. Thus, like his

---

[2] Stocker also makes several arguments challenging the validity of the Release on grounds of lack of consideration. Because Stocker did not make these arguments to the trial court, he has waived them for review. *See Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004) ("Issues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived."). It suffices to say that the Release was supported by consideration.

breach of contract claim, Stocker's claim in this regard is barred because Stocker executed the Release of all claims against the Defendants, including his claim of breach of fiduciary duty.

[12] Finally, in support of his fraud in the inducement claim, Stocker argues that the Defendants misstated the valuation date in the Release and that the language in the Release led him to believe that payment of the redemption price for his units in Attero amounted to sufficient consideration and that his "rights were surrenderable [sic] without additional consideration." *Id*. at 32. Stocker's arguments in this regard do not undercut the validity of the Release. As aptly noted by the trial court, "Stocker had a duty to conduct due diligence to review any representations made by Attero and the Defendants in the Release" before signing the Release. *Id*. at 13. Stocker has designated no evidence that he did not voluntarily sign the Release.

[13] In short, the undisputed evidence shows that Stocker was presented with the Release, which provided for redemption of his units in Attero and included mutual release provisions covering the Defendants. Stocker voluntarily signed the Release and thereafter accepted payments made by Attero in accordance therewith without objections. Having duly executed the Release, Stocker is barred from bringing his claims of breach of contract and breach of fiduciary duty. Stocker's claim for fraud in the inducement also fails because the alleged misstatements concern matters that would have been known or should have been known by Stocker at the time he signed the Release, and yet he voluntarily

signed the Release. The trial court did not err in granting summary judgment in favor of the Defendants.

[14] Judgment affirmed.

[15] Bailey, J. and Bradford, J., concur.